UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SEAVON PIERCE,** | **1:16-cv-1361-LJO-BAM** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 5)** |
| v. | |
| **THE U.S. GOVERNMENT AND ITS OFFICERS AS FEDERAL JUDGES, et al.,** | |
| **Defendants.** | |

The Court recently denied Plaintiff Seavon Pierce's motion to proceed in forma pauperis and dismissed this case subject to re-filing accompanied by the $400.00 filing fee. Doc. 3. Plaintiff now moves for reconsideration of that order.

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks omitted). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co.*,

571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 646, 665 (E.D. Cal. 1986), *rev'd on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion is DENIED. Plaintiff has made no showing that would justify reconsideration of the Court's order.

IT IS SO ORDERED.

Dated:   **October 5, 2016**          /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE