UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | 1:16-cv-1361-LJO-BAM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S SUCCESSIVE MOTION FOR RECONSIDERATION (Doc. 7) |
| v. | |
| THE U.S. GOVERNMENT AND ITS OFFICERS AS FEDERAL JUDGES, et al., | |
| Defendants. | |

The Court recently denied Plaintiff Seavon Pierce's motion to proceed in forma pauperis and dismissed this case subject to re-filing accompanied by the $400.00 filing fee. Doc. 3. Plaintiff filed a motion for reconsideration, Doc. 5, which was subsequently denied. Doc. 6. Plaintiff has since filed a document entitled "objections" to the order denying the motion for reconsideration, Doc. 7, which the Court treats as a successive motion for reconsideration.

Although this Court's previous order denying the motion for reconsideration applied Federal Rule of Civil Procedure 60 to the motion, a review of the case reveals that because Plaintiff's motion was filed within 28 days of entry of judgment, application of Federal Rule of Civil Procedure 59 is more appropriate, although the result is the same.

"Although the Federal Rules of Civil Procedure do not specifically allow for a motion for reconsideration, the court treats a motion for reconsideration filed within [28] days of the entry of judgment as one to alter or amend the judgment under [R]ule 59(e)." *Sierra Club v. Tri–State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 287 (D. Colo. 1997). There are four basic grounds upon which the courts have granted a motion for reconsideration under Rule 59(e): "(1) if such

motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 220 F.3d 877, 890 (9th Cir. 2000). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Neither Plaintiff's original motion for reconsideration nor his subsequent objection provides any ground for reconsideration. Plaintiff is a three-striker who is not entitled to proceed in forma pauperis unless he alleges he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Order of Dismissal, Doc. 3, correctly concluded that Plaintiff has not alleged imminent danger and Plaintiff has not provided any authority or argument to suggest otherwise. Plaintiff has again made no showing that would justify reconsideration of the Court's order. No further motions for reconsideration will be considered.

IT IS SO ORDERED.

    Dated:   **October 20, 2016**          /s/ Lawrence J. O'Neill
                                                       UNITED STATES CHIEF DISTRICT JUDGE